Jeffrey T. Bell (SBN 184876)
Rick Ma (SBN 306994)
Law Offices of Jeffrey T. Bell
11001 Valley Mall, Suite 300
El Monte, California 91731
Telephone: (626) 280-8787 | Fax: (626) 226-5699
Service@jtblawyer.com

Attorney for Plaintiff
Aliquantum International, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIQUANTUM INTERNATIONAL, INC. | Civil Action No.: EDCV 18-2578-GW-GJSx |
| Plaintiff, | **JUDGMENT AND PERMANENT INJUNCTION** |
| vs. | |
| VIVID ORANGE CORPORATION; DOES 1 – 100, INCLUSIVE; | The Honorable George H. Wu Courtroom 9D |
| Defendants. | |

This matter came on before this Court for hearing on the motion of Plaintiff Aliquantum International Inc. ("Aliquantum") for entry of default judgment and a permanent injunction against Defendant Vivid Orange Corp ("Defendant").

The Court having read and considered the pleadings, declarations, and exhibits on file on this matter and having reviewed such evidence as was presented in support of Aliquantum's Motion; the Court finds the following facts:

//

//

//

//

Aliquantum controls the pertinent rights in and to the following trademarks (the "Trademarks"):

| TRADEMARK | CERTIFICATE NO. | REPRESENTATIVE IMAGE |
|---|---|---|
| RILAKKUMA | 4,449,172 | Rilakkuma |
| SUMIKKOGURASHI | 5,625,738 | Sumikkogurashi |

All of the Trademarks are current and in full force and effect.

Defendant has willfully sold, offered to sell, market, distributed, and advertised the sale of counterfeit San-X products. The counterfeit goods are of substantially inferior quality compared to the authentic products and would cause significant damage to Aliquantum by decreasing the sale of authorized products and tarnish the reputation of both Aliquantum and San-X.

Defendant's use in commerce of the Trademarks is an infringement of Aliquantum's use of San-X's registered trademark in violation of 15 U.S.C. §1125.

As a direct and proximate result of Defendant's infringing actions alleged herein, Defendant has caused substantial monetary loss and irreparable injury and damage to Aliquantum, its business, reputation, and valuable rights in and to the Trademarks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, and for which Aliquantum has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss, and damage to Aliquantum.

The liability of the Defendant in the above-referenced action for its acts in violation of Aliquantum's rights is knowing and willful, and as such, the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

Therefore, based on the foregoing facts, and good cause appearing therefore,

THE COURT ORDERS that this Judgment shall be and is hereby entered in the within action as follows:

1. This Court has jurisdiction over the parties in this action and over the subject matter hereof pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.* and 28 U.S.C. § 1331.

2. Service of Process was properly made on the Defendant.

**JUDGMENT AND PERMANENT INJUNCTION**

3. Aliquantum controls the pertinent rights in and to the following trademarks: Rilakkuma (Registration No. 4,449,172) and Sumikkogurashi (Registration No. 5,625,738).

4. Defendant has willfully infringed upon Aliquantum's exclusive use of the Trademarks and that said infringement was willful.

5. Defendant, and its agents, servants, employees, officers, associates, attorneys, accountants, and all persons acting by, through, or in concert with any of them who receive actual notice of the Injunction are hereby restrained and enjoined from:

    a. using the Trademarks or any reproductions, counterfeit copies, or colorable imitations therefore in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine San-X product or is not authorized by Aliquantum to be sold in connection with the San-X trademark ("Infringing Products");

    b. engaging in any other activity constituting unfair competition with Aliquantum, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of San-X trademarks and the sale of gray market San-X products;

    c. committing any other act which falsely represent or which has the effect of falsely representing that the goods is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Aliquantum or San-X;

    d. effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein;

    e. secretly destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe any of the Trademarks;

    f. aiding, abetting, contributing to, or otherwise assisting anyone with infringing upon any of the Trademarks;

      g. engaging in any of the aforesaid prohibited activities over the Internet.

6. "all persons acting by, through, or in concert" as described in paragraph 5 includes, but is not limited to, distributors, manufacturers, advertisers, circulators, resellers, warehouses, internet search engines that identify the Defendant's website in response to searches for either of the Trademarks (either through paid or not-paid listings), payment provider services that provide payment services to Defendant or the Defendant Website, web hosts that host content for Defendant or Defendant Website, and registrars that hold domain names for the Defendant or Defendant website.

7. Defendant is ordered to recall from any distributors and retailers and to deliver to Aliquantum for destruction or other disposition of all remaining inventory of all Infringing Products and related items, including all advertisements, promotional, and marketing materials therefore, as well as means of making same.

8. Defendant is ordered to deliver to Aliquantum any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all Infringing Products which infringe upon any of the Trademarks.

9. Defendant is ordered to file with this Court and serve on Aliquantum within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

10. Defendant is ordered to an accounting of all gains, profits, and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 117(a) and 35 U.S.C. § 289.

11. Defendant is ordered to pay damages to Aliquantum pursuant to 15 U.S.C. § 1117 in the sum of Four Hundred Thousand Dollars ($400,000.00).

12. Defendant is ordered to pay interest on the amount of the judgment to Aliquantum at the statutory rate pursuant to 28 U.S.C. § 1961(a).

13. This Judgment shall be deemed to be served upon Defendant at the time of its execution by the Court.

14. The Court finds there is no just reason for delay in entering this Judgment and pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Judgment against Defendant.

15. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

DATED: June 10, 2019

By: _____
The Honorable George H. Wu
United States District Judge

PRESENTED BY:

LAW OFFICES OF JEFFREY T. BELL

By: _____
Jeffrey T. Bell
Rick Ma
Attorneys for Plaintiff